**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50031 |
| Plaintiff-Appellee, | DC No. CR 16-1784 GPC |
| v. | |
| TODD MICHAEL SHERMAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted January 11, 2019
Pasadena, California

Before: TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[**]
District Judge.

Defendant-Appellant Todd Sherman pleaded guilty to distribution of images

of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §

2252(a)(2). On appeal, Sherman challenges one of the conditions of supervised

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

release that will be imposed after his term of imprisonment ends.  Condition 9

requires that Sherman:

> Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 U.S.C. § 2256(2); and/or "actual sexually explicit conduct" involving adults as defined by 18 USC  2257(h)(1), not patronize any place where such materials or entertainment are the primary material or entertainment available.

We have jurisdiction under 28 U.S.C. §§ 1291 and 3742.  Sherman properly

objected to Condition 9, so we review the district court's imposition of the

condition for an abuse of discretion.  *See United States v. Gnirke*, 775 F.3d 1155,

1159 (9th Cir. 2015).  We affirm.

**1.**     The district court did not commit procedural error in imposing

Condition 9.  *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en

banc) (directing that "we first consider whether the district court committed

significant procedural error").  The district court explained that Condition 9 was

warranted because Sherman admitted that his desensitization to adult pornography

led him to seek out more and more extreme versions of pornography, including

child pornography.  Therefore, imposing Condition 9 was reasonably necessary in

light of "the nature and circumstances of the offense and the history and

characteristics of the defendant," to "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (2); 18 U.S.C. § 3583(d)(1).

2.    Condition 9 is not substantively unreasonable under *Gnirke*. Conditions are substantively reasonable "if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (quoting *United States v. Rearden*, 349 F.3d608, 618 (9th Cir. 2003)).  Prohibiting Sherman from viewing or possessing materials depicting adult, lascivious full-frontal nudity (or patronizing any place where such materials or entertainment are the primary material or entertainment available) is reasonably related to the goal of protecting the public.  Such a restriction helps prevent further desensitization to adult pornography, which could lead Sherman to seek out child pornography again.

Condition 9 is also significantly narrower than the condition in *Gnirke* and does not deprive Sherman of more liberty than is reasonably necessary.  Unlike the condition in *Gnirke* that prohibited the defendant from possessing or viewing both "actual" and "simulated" sexually explicit conduct involving adults, 775 F.3d at 1163, the challenged supervised release condition here only covers "actual" sexually explicit conduct involving adults and does not incorporate the entirety of

3

18 U.S.C. § 2256(2). Therefore, Condition 9 is substantively reasonable because it does not reach beyond adult pornography to encompass portrayals of sex in art, literature, and scientific works, as the original condition in *Gnirke* did. *See* 775 F.3d at 1165.

**AFFIRMED.**